FILED

DEC 01 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES LAVELL HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAKE COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. C 14-3076 PSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

James LaVell Harris, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint and gives Harris leave to amend to specify his claims for relief.

## I. DISCUSSION

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

---

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 14-3076 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B.   Plaintiff's Claim

Harris has been in and out of the Lake County jail since 2005. He alleges that he uses medical marijuana for treatment of his chronic lower back pain, as well as for spiritual reasons because his religious beliefs prohibit the use of pharmaceuticals and narcotics. Harris alleges that each time he has been detained at the Lake County Jail, he has been denied access to and the use of medical marijuana. Harris alleges also that he was denied available alternative medical treatment. In addition, Harris mentions that he has been prosecuted by the custodial staff with disciplinary actions, and as a result, has lost services.

Harris lists twelve "causes of action" alleging violations of both state and federal law. However, there are several deficiencies with Harris' complaint that require amendment before the court can determine whether Harris states a cognizable claim for relief.

First, it is unclear what exactly Harris' claim for relief is. In the third, sixth, and ninth causes of action, Harris alleges that Lake County and Does 1-50 denied him access to medical and spiritual marijuana and failed to allow Harris access to alternative treatments, which violated Section 1983, and the First and Eighth Amendments rights to be free from discrimination. However, the general right to be free from discrimination is not a federal constitutional right guaranteed by either the First or Eighth Amendments. In order to state a cognizable claim for

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 14-3076 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND
2

relief, Harris must allege that a right secured by the Constitution or laws of the United States was violated, and Harris must proffer sufficient facts to support such an allegation.

In addition, local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort.[5] However, to impose municipal liability under § 1983 for a violation of constitutional rights, Harris must show: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.[6] Harris has not done so. He must specify the constitutional right which he claims was violated, rather than merely recite the elements of a cause of action.

Finally, although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit,[7] situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. Thus, Doe defendants are DISMISSED at this time without prejudice. However, Harris may attempt to identify these unknown defendants through discovery and, if successful, may move to amend the complaint to add these additional defendants.[8]

## II. CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Doe defendants are DISMISSED without prejudice.

2. The complaint is DISMISSED with leave to amend. Harris shall file an AMENDED COMPLAINT within thirty days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-3076 PSG (PR)) and the words AMENDED COMPLAINT on the first page. Harris may not incorporate

---

[5] *See Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 690 (1978).

[6] *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

[7] *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[8] *See id.*

material from the prior complaint by reference.  Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

3. Harris is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."[9]  Defendants not named in an amended complaint are no longer defendants.[10]

4. It is Harris' responsibility to prosecute this case.  He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 12.1.14

PAUL S. GREWAL
United States Magistrate Judge

---

[9] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[10] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Case No. C 14-3076 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

4