IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAMES LAVELL HARRIS, | ) | Case No. C 14-3076 PSG (PR) |
| Plaintiff, | ) | **ORDER TO SHOW CAUSE** |
| v. | ) | |
| LAKE COUNTY SHERIFF'S DEPT., et al., | ) | |
| Defendants. | ) | |

James LaVell Harris, proceeding *pro se*, has filed an amended civil rights action pursuant to 42 U.S.C. § 1983.  Harris also was granted leave to proceed in forma pauperis ("IFP").  Before screening the amended complaint, the court orders Harris to show cause why his motion for leave to proceed IFP should not be revoked.

**I.  DISCUSSION**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury."[1]

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation: the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"[2] Only cases within one of these three categories can be counted as strikes for Section 1915(g) purposes.[3] Dismissal of an action under Section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."[4]

A prisoner must be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but the prisoner nevertheless bears the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him.[5] The court may raise a Section 1915(g) problem *sua sponte*, but must notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.[6] A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action as a pauper under Section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Harris' prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to

---

[1] 28 U.S.C. § 1915(g).

[2] *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).

[3] *See id.*

[4] *Id.*

[5] *Id.*

[6] *See id.* at 1120.

Case No. C 14-3076 PSG (PR)
ORDER TO SHOW CAUSE

state a claim upon which relief may be granted.  Harris is now given notice that the court believes the following federal district court dismissals may be counted as dismissals for purposes of Section 1915(g): (1) *Harris v. Business Transportation and Housing Agency*, N.D. Cal. Case No. C 07-0459 PJH (civil rights action dismissed for failure to state a claim and failure to follow court orders), (2) *Harris v. Lake County Jail, et al.*, N.D. Cal. Case No. C 09-3758 SI (civil rights action dismissed for failure to state a claim ); (3) *Harris v. Lake County Jail, et al.*, N.D. Cal. Case No. C 09-5214 SI (same); (4) *Harris v. Lake County Sheriff's Department*, N.D. Cal. Case No. C 14-3305 PSG (same); (5) *Harris v. Lake County Superior Court*, N.D. Cal. Case No. 14-3652 PSG (civil rights action dismissed based on *Heck v. Humphrey*, 512 U.S. 477 (1994)). The court made its evaluation of all five cases based on the dismissal orders.

In light of these dismissals, Harris is ORDERED TO SHOW CAUSE in writing why pauper status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  In the alternative to showing cause why this action should not be dismissed, Harris may avoid dismissal by paying the full $400.00 filing fee by the deadline.

In addition, if appropriate, Harris may demonstrate that this case falls within the imminent danger exception to Section 1915(g).  If Harris wants to do so, he needs to describe the facts showing the imminent physical danger.  It will suffice if he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing."[7]

## II.  CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

Harris is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Harris is so inclined, he may avoid dismissal by paying the $400.00 filing fee.  In any event, the court will continue to review under Section 1915(g) all future actions filed by Harris while he is incarcerated in which he seeks IFP status.  Failure to file a timely response or failure to pay the full filing fee will result in

---

[7] *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) ("*Andrews II*").

1 | the dismissal of this action without further notice.

2 |     IT IS SO ORDERED.

3 | DATED: 5/11/2015

                         PAUL S. GREWAL
                         United States Magistrate Judge