IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES LAVELL HARRIS,<br><br>        Plaintiff,<br><br>  v.<br><br>LAKE COUNTY SHERIFF'S DEPT., et al.,<br><br>        Defendants. | Case No. C 14-3076 PSG (PR)<br><br>**ORDER REVOKING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL** |

James LaVell Harris, proceeding *pro se*, has filed an amended civil rights action pursuant to 42 U.S.C. § 1983. Harris also was granted leave to proceed in forma pauperis ("IFP").

On May 11, 2015, the court issued an order to show cause for Harris to either pay the full filing fee, or explain why his motion for leave to proceed IFP should not be revoked and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Harris has not responded to the order to show cause, but instead, has filed a second motion for leave to proceed IFP. For the reasons stated below, the court revokes its previous order granting plaintiff leave to proceed IFP, and dismisses this case.

## I. DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if

the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]  The phrase "fails to state a claim on which relief may be granted," as used in Section 1915(g), "parallels the language of Federal Rule of Civil Procedure ("Rule") 12(b)(6)."[2]  A case is "frivolous" within the meaning of Section 1915(g) if "it is of little weight or importance: having no basis in law or fact."[3]  Further, because Section 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of Section 1915(g) may be counted as qualifying dismissals or "strikes."[4]

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing, not at the time of the alleged constitutional violations.[5]  Harris has the burden of proving that he is in imminent danger of serious physical injury.

A review of the dismissal orders in Harris' prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  Harris was given notice that the court believed the following federal district court dismissals may be counted as dismissals for purposes of Section 1915(g): (1) *Harris v. Business Transportation and Housing Agency*, N.D. Cal. Case No. C 07-0459 PJH (civil rights action dismissed for failure to state a claim and failure to follow court orders), (2) *Harris v. Lake County Jail, et al.*, N.D. Cal. Case No. C 09-3758 SI (civil

---

[1] 28 U.S.C. § 1915(g).

[2] *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("*Andrews I*").

[3] *Id.* (internal quotation and citation omitted).

[4] *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

[5] *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc).

Case No. C 14-3076 PSG (PR)
ORDER REVOKING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF
DISMISSAL                                                     2

rights action dismissed for failure to state a claim ); (3) *Harris v. Lake County Jail, et al.*, N.D. Cal. Case No. C 09-5214 SI (same); (4) *Harris v. Lake County Sheriff's Department*, N.D. Cal. Case No. C 14-3305 PSG (same); (5) *Harris v. Lake County Superior Court*, N.D. Cal. Case No. 14-3652 PSG (civil rights action dismissed based on *Heck v. Humphrey*, 512 U.S. 477 (1994)). The court made its evaluation of all five cases based on the dismissal orders.

Harris has not offered any argument or dispute that any of these cases should not count as a strike. A review of these cases demonstrate that they all qualify as "strikes" pursuant to Section 1915(g). First, cases that are dismissed for failure to state a claim clearly count as strikes.[6] Second, when a case is dismissed under *Heck*, the complaint "fails to state a claim upon which relief can be granted;" as such, the dismissal is a "strike" under Section 1915(g).[7] The above-referenced cases therefore count as dismissals for purposes of Section 1915(g).

In addition, the allegations in Harris' initial pleading do not demonstrate that he is under "imminent danger of serious physical injury" within the meaning of Section 1915(g). The availability of this exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."[8] As this is merely a "threshold procedural" question, the Ninth Circuit has indicated that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong.[9] Rather, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."[10] In order to satisfy the

---

[6] *See id.* at 1121 ("[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim.").

[7] *See, e.g.*, *Smith v. Veterans Admin.*, 636 F.3d 1306 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

[8] *Andrews II*, 493 F.3d at 1053.

[9] *Id.* at 1055.

[10] *Id.*

Case No. C 14-3076 PSG (PR)
ORDER REVOKING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL
3

imminence prong, the prisoner must allege that the danger is ongoing.[11]

Harris has made no plausible allegation that he faced an imminent danger of serious physical injury at the time he filed his complaint. In the complaint, Harris alleged that he used medical marijuana for treatment of his chronic lower back pain, as well as for spiritual reasons because his religious beliefs prohibit the use of pharmaceuticals and narcotics. Harris alleged he had been denied access to and the use of medical marijuana and alternative medical treatment and has been prosecuted by the custodial staff with disciplinary actions. After reviewing the pleadings, it cannot be said that Harris' allegations placed him under imminent danger of serious physical injury at the time of filing. At the very least, Harris has not plausibly suggested that he was at risk of an ongoing serious physical injury at the time he initiated this action.

## II. CONCLUSION

The order granting plaintiff's motion to proceed in forma pauperis is REVOKED. This action is DISMISSED without prejudice to Harris refiling his claims in a new case in which Harris pays the filing fee. The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 6/23/2015

PAUL S. GREWAL
United States Magistrate Judge

---

[11] *See id.* at 1056-57 (prisoner who alleges that prison officials continue with practice that has injured him satisfies ongoing danger standard and meets imminence prong of three-strike exception).

Case No. C 14-3076 PSG (PR)
ORDER